IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

CERRILLOS GRAVEL PRODUCTS, INC.
and BRAD AITKEN,

        Plaintiffs,

v.        No. CV 03-133 BB/LFG

COUNTY OF SANTA FE and BOARD OF
COUNTY COMMISSIONERS OF SANTA
FE COUNTY,

        Defendants.

## MEMORANDUM OPINION

This matter comes before the Court for consideration of a motion to dismiss (Doc. 3) filed by Defendants. Having considered the submissions of the parties and the applicable law, the Court finds that none of the federal claims raised by Plaintiffs are ripe for consideration by this Court. Those federal claims must therefore be dismissed without prejudice. In addition, since the federal claims are being dismissed, the state claims will be remanded to the state court from which this case was removed. Finally, since neither party has yet addressed the issues discussed in this opinion, the parties will be allowed twenty (20) days from the date of this opinion to file memoranda opposing the Court's proposed dismissal and remand.

**Facts and Procedural History**

Plaintiffs operated a gravel mine in Santa Fe County. Defendants suspended Plaintiffs' mining permit, and Plaintiffs appealed that decision to the state district court. Plaintiffs did not include, in that appeal, any federal or state constitutional claims. After the appeal was filed, Defendants made other decisions adversely affecting Plaintiffs' ability to freely use the property

on which the mine was located, including a decision denying a permit that would have allowed placement of a cell phone tower on the property.  In October 2002, the state district court reversed Defendants' suspension of the mining permit.  That decision was appealed and remains on appeal in the New Mexico Court of Appeals.  Subsequently, in a new action in state district court, filed in December 2002, Plaintiffs raised claims of unconstitutional temporary and permanent takings of their property under both the federal and state constitutions, as well as due process and equal protection violations arising out of all the actions Defendants took regarding Plaintiffs' property.  Defendants removed the state-court action to this Court on the basis of the federal claims stated in the complaint, and then moved to dismiss the entire case.  Defendants argued that Plaintiffs' constitutional and other claims should have been raised and litigated in the prior state-court case, involving the appeal of the original decision suspending the mining permit.  According to Defendants, Plaintiffs' failure to bring these claims in the earlier action means they are barred from bringing the claims now, under principles of res judicata (also known as claim preclusion).

**Discussion**

One of Plaintiffs' arguments in response to the motion to dismiss was that the federal and state claims now being raised were not ripe at the time the appeal of the administrative decision was filed in state court.  According to Plaintiffs, those claims "probably" did not become ripe until the state court issued its decision finding Defendants' suspension of the mining permits to be unlawful.  For the reasons discussed below, the Court agrees that the federal claims were not ripe when the initial appeal to state district court was filed.  However, the Court does not agree that the claims are now ripe.

"[T]he doctrine of ripeness is intended to forestall judicial determination of disputes until the controversy is presented in clear-cut and concrete form." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995). A takings claim under the Fifth Amendment, arising out of government regulation of private property, does not become ripe until two requirements have been met. First, there must be a final decision by the government agency that is regulating the property. Second, the owner of the property must have pursued compensation from the government, for the damages caused by the government's allegedly wrongful regulatory actions, if an avenue for seeking such compensation is available to the owner. *See Bateman v. City of West Bountiful*, 89 F.3d 704, 706-09 (10th Cir. 1996). What is lacking in this case is the second requirement -- a completed effort by Plaintiffs to obtain compensation from Defendants for the alleged taking of their property as a result of the regulatory decisions made by Defendants.

Under *Bateman*, the first question to answer with respect to the pursuit-of-just-compensation requirement is whether a mechanism has been provided by which Plaintiffs may seek such compensation for the taking of their property. In a regulatory-taking situation such as this one, an inverse condemnation action is such a mechanism. In other words, if an inverse condemnation action would have been available to Plaintiffs as a means of attempting to obtain compensation for the regulatory taking of their property, Plaintiffs must pursue such an action before their federal takings claim can be considered ripe. *Id.*, 89 F.3d at 708-09. Established New Mexico law does provide that a regulatory taking may be the subject of an inverse condemnation action, if the regulatory action in question deprives the property owner of all or substantially all beneficial use of the property. *Estate of Sanchez v. County of Bernalillo*, 902 P.2d 550, 552 (N.M. 1995). In addition, regulatory action that merely damages property, without

3

committing a deprivation of all or substantially all beneficial use of the property, may give rise to an inverse condemnation action if the property owner has suffered some compensable injury not suffered by the public in general. *Id.*, 902 P.2d at 553. Therefore, Plaintiffs could have pursued an inverse condemnation action to attempt to obtain compensation for the allegedly unlawful regulatory actions that damaged their property.[1]

Since a proceeding was available under which Plaintiffs could seek just compensation for the taking of their property, the only other question is whether they used the available proceeding and pursued such compensation prior to filing their federal takings claims. There is no question that this has not happened yet. The first time Plaintiffs raised a state-law takings claim was in the current lawsuit, in which they have raised both state and federal takings claims. The state claims, of course, have not yet been addressed or resolved by any court. Therefore, it cannot be said that Plaintiffs have pursued, to completion, their state-law right to compensation for the allegedly unlawful regulatory taking of their property. In considering ripeness a court should examine "the relationships of the federal judiciary with other branches of the federal government and with state institutions, the need to conserve judicial resources, and the risk that premature decision may be proved unwise as facts are more fully developed..." 13A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure*, § 3532.1, at 146-47 (2d Ed. 1984). The *Bateman* opinion

---

[1] By holding that such mechanism was available to Plaintiffs, the Court expresses no opinion on the claim-preclusion issue raised by Defendants in this case. In other words, the Court does not decide whether Plaintiffs might have in effect waived their claim to compensation under state law by failing to include such a claim in their original state-court action appealing the suspension of their mining permit. The Court only holds that, if properly pursued, there was a mechanism available for Plaintiffs to pursue compensation for the regulatory taking of their property. The claim-preclusion issue appears to raise complex issues of state law, as to whether an inverse-condemnation action arising out of a regulatory taking should be brought in the same lawsuit as the administrative appeal of the regulatory action allegedly causing the taking.

4

requires the Court to conclude that these considerations have not been satisfied in this case, and Plaintiffs' federal takings claim is accordingly not ripe.

Furthermore, according to *Bateman*, the same ripeness analysis discussed above is also applicable to Plaintiffs' other federal claims, the 14th Amendment due process and equal protection claims.  89 F.3d at 709.  Tenth Circuit precedent holds that due process and equal protection claims arising out of the same regulatory actions as a 5th Amendment takings claim are subsumed within the takings claim, and are subject to the same ripeness requirement as the takings claim. *Id.*  For that reason, these claims also are not ripe and may not be maintained in this Court at this time.

The above discussion establishes that none of Plaintiffs' federal claims are ripe at this point.  This Court therefore has no jurisdiction to consider any of the federal claims raised in Plaintiffs' complaint. *See Bateman*, 89 F.3d at 706 (issue of whether a claim is ripe for review bears on the court's subject matter jurisdiction).  The federal claims must be dismissed without prejudice.  In addition, since all of the federal claims in the case are being dismissed at this early stage of the proceedings and the claim-preclusion issue raised by Defendants appears to raise a complex issue of state law, the Court will not exercise supplemental jurisdiction over the remaining state-law claims.  Instead, the Court will remand them for consideration by the state court in which the case was first filed. *See Macri v. King County*, 126 F.3d 1125, 1129-30 (10th Cir. 1997) (district court did not abuse its discretion in remanding state-law inverse condemnation claim to state court, where all federal claims had been dismissed); *cf. Bateman*, 89 F.3d at 709, n. 5 (once district court dismissed federal claims, it was authorized to dismiss supplemental state claims as well).

5

**Conclusion**

Based on the foregoing, all of the federal claims raised in this case are subject to dismissal without prejudice, and the remaining state claims should be remanded to state court. However, the Court has not had the benefit of any input from the parties on these issues of dismissal and remand, and will therefore afford them an opportunity to file memoranda opposing such disposition of this case. Any memoranda filed must be submitted within twenty (20) days of the date of this opinion. If no memoranda are received, or if the memoranda are not persuasive, the Court will enter an order dismissing the federal claims without prejudice and remanding the remaining claims to state court.

Dated this 13th day of June, 2003.

_____
BRUCE D. BLACK
United States District Judge

**ATTORNEYS**:

**For Plaintiffs**:
Joseph E. Manges

**For Defendants:**
Mark A. Basham